OPINION
{¶ 1} Plaintiffs-appellants Frank E. Waters, et al. appeal the August 14, 2006Judgment Entry entered by the Licking County Court of Common Pleas, which found they were not entitled to forfeiture of the property occupied by defendants-appellees William Williams, et al.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 23, 2006, the parties entered into a Stipulation of Facts. We shall reiterate only the facts relevant to the instant appeal.
 {¶ 3} Appellants Frank Waters and Gatha Waters own 53.791 acres located in McKean Township, Licking County, Ohio, upon which is located a residence and one outbuilding. On July 28, 1999, the Waters and appellees, William and Pamela Williams, entered into a land contract relative to the aforementioned real property. The parties agreed on a purchase price of $418,500, with the Williams paying $50,000 as a down payment. The Williams took possession of the premises at that time. Under the terms of the land contract, the Williams were to tender their installment payments on the twenty-third of each month. As a result of payments made by the Williams and accepted by the Waters, the balance due and owing on the land contract as of January,2004, was $319, 298.59.
 {¶ 4} On March 11, 2004, the Waters and the Williams entered into a subsequent agreement, whereby the Waters extended an additional loan to the Williams in the amount of $20,000. Rather than repaying the loan separately, the parties agreed the $20,000 would be added to the "principal of our land contract". The new loan agreement increased the Williams' monthly payments to $2820.00. All other terms of the land contract remained the same. The agreement did not change the purchase price on the face of the land contract. The new principal balance due on the land contract was $340,995.08.
 {¶ 5} In April, 2004, the Williams made their last full payment of $2,820.00, representing the March loan installment. The Williams made partial payments in May, June, July, August, and September, 2004, but made no payments after September,2004.
 {¶ 6} On March 4, 2005, the Waters served the Williams with a written Notice of Forfeiture and Notice to Leave Premises. The notice was served by the Waters on the Williams by posting it on the entrance door of the residence. This notice was the only notice of default given by the Waters to the Williams. On March 21, 2005, the Waters filed a Complaint in the Licking County Court of Common Pleas, seeking forcible entry and detainer, forfeiture, and to quiet title.
 {¶ 7} Prior to the commencement of this action, on May 11, 2004, the Williams filed a Chapter 11 Bankruptcy Petition, which was converted to a Chapter 7 proceeding on June 29, 2004. As a result, an automatic stay prohibited the Waters from taking any action to evict the Williams or forfeit the land contract. The Waters received notice of relief from stay on February 28, 2005. Thereafter, the Waters timely commenced this action.
 {¶ 8} In lieu of a bench trial, the parties entered into a Stipulation of Facts and filed their respective briefs. Via Judgment Entry filed August 14, 2006, the trial court concluded the Waters were not entitled to forfeiture as the Williams had paid 23.71% of the purchase price; therefore, were protected from forfeiture pursuant to R.C. 5313.07. Additionally, the trial court found the Waters were not entitled to forcible entry and detainer pursuant to R.C. 1923.02(7). The trial court advised the Waters they may recover through a complaint in foreclosure. The Waters did not seek foreclosure in their March 21, 2005 complaint.
 {¶ 9} It is from the August 14, 2006 judgment entry the Waters appeal, raising as their sole assignment of error:
 {¶ 10} "I. THE TRIAL COURT ERRED (1) IN FINDING THAT THE LAND CONTRACT VENDEES HAD PAID 23.71% OF THE PURCHASE PRICE AND (2) IN FAILING TO GRANT EVICTION ON THE FIRST CLAIM FOR RELIEF AND FORFEITURE OF THE LAND CONTRACT ON THE SECOND CLAIM FOR RELIEF.
 {¶ 11} "THE PLACE IN THE RECORD WHERE THE ERRORS ARE REFLECTED ARE: CONCLUSIONS OF LAW CONTAINED IN THE TRIAL COURT'S JUDGMENT, A COPY OF WHICH IS INCLUDED IN THE APPENDIX AT PAGE 13."
 I {¶ 12} In their sole assignment of error, the Waters contend the trial court erred in finding the Williams had paid 23.71% of the purchase price, and in failing to grant their requested relief of eviction and forfeiture. We disagree.
 {¶ 13} Residential land/installment contracts are governed by R.C. Chapter 5313.Pursuant to R.C. 5313.08, the vendor may bring an action for forfeiture and restitution where a land contract has been in effect for less than five years. Due to the Williams' bankruptcy, the Waters could not bring an action under R.C. 5313.08. Therefore, the Waters were subject to R.C. 5313.07.
 {¶ 14} R.C. 5313.07 provides:
 {¶ 15} "If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty percent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property."
 {¶ 16} The Waters contend the Williams have not paid 20% of the purchase price; therefore, they (the Waters) were entitled to eviction and forfeiture of the land contract, and the trial court erred in finding to the contrary. The Waters submit the Williams have paid, at most, 19.1% of the purchase price. Their calculations are as follows: the principal balance as of January, 2004, was $319,298.59, which is 76.29% of the purchase price of $418,500; therefore, the Williams had paid 23.71% of the purchase price at that time. However, on March 11, 2004 the Waters advanced$20,000 to the Williams, which was added to the principal balance per the agreement, creating a new principal balance of $340,995.08, which is 81.48% of the purchase price. The Waters conclude the Williams had only paid 18.52% of the purchase price. After a partial payment in April, 2004, the principal balance was $338,909.71, which is 80.9% of the purchase price, increasing the Williams' payments to 19.1% of the purchase price. The Waters explain, after April, 2004, the principal balance on the land contract was never less than $338,909.71; therefore, the Williams have never paid more than 19.1%of the purchase price.
 {¶ 17} In response, the Williams submit they have paid at least $99,535.18towards the purchase price, which includes the $50,000 down payment and the payments made by the Williams as set forth in Stipulated Exhibits 3A through 3F. The Williams note the sum of $99,535.18 exceeds 20% of the purchase price of $418,500.The Williams add the record does not support the Waters' assertion the March, 2004$20,000 loan was to be added to the original purchase price of the land. Assuming, arguendo, such was the case, the Williams contend they still have paid more than 20%of the new purchase price of $438,500. We agree with the Williams.
 {¶ 18} In its decision, the trial court found the $20,000 advanced by the Waters to the Williams was an additional loan. Rather than the Williams paying the March, 2004loan separately, the parties agreed the $20,000 would be added to the principal balance of the land contract. Pursuant to the original contract, the purchase price of the property did not change. R.C. 5313.07 requires 20% payment toward the purchase price, not whether the principal balance, which changes due to subsequent dealings, is 80% or less than the purchase price.
 {¶ 19} The parties did not intend to increase the purchase price of the property when they entered into the subsequent loan agreement. The parties added the $20,000loan amount to the principal balance for ease of bookkeeping. We find the Williams have paid in excess of 20% of the purchase price and the trial court did not err in finding the Waters could not maintain an action for forfeiture.
 {¶ 20} The Waters' sole assignment of error is overruled.
 {¶ 21} The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellants.